## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARAFAT WAHDAN, #19251-052 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-13-3243 |
| TIMOTHY STEWART, Warden | * | |
| Respondent | * | |
| | *** | |

### MEMORANDUM

In this habeas corpus petition filed pursuant to 28 U.S.C. § 2241, self-represented petitioner Arafat Wahdan asserts he was wrongfully determined ineligible for early release under Residential Drug Abuse Program ("RDAP"), 18 U.S.C § 3621(e). Respondent has filed a Response and Motion to Dismiss, or in the Alternative, for Summary Judgment, and a memorandum in support.[1] (ECF No. 6). Petitioner was provided an opportunity to reply, but has not done so.[2] Resolution of this matter does not require an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, Respondent's motion, treated as one for summary judgment, will be granted and the petition shall be dismissed.

### BACKGROUND

Wahdan, who is an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), claims the Federal Bureau of Prisons (BOP) improperly

---

[1] The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings. Thus, it is proper to file a motion to dismiss or for summary judgment under Fed R. Civ. P. 56 or 12 in this habeas action. *See Fisher v. Volunteers of America*, No. PWG-13-1916, 2014 WL 652051, at *1 n.1. (D. Md. Feb. 14, 2014); *Brunson v. Warden*, No. GLR–12–1416, 2012 WL 3678150, at *2 (D. Md. Aug. 24, 2012).

[2] A notice was sent to Wahdan pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising him of his right to file a response to defendant's dispositive motions. (ECF No. 10). No opposition response was filed.

determined him ineligible for early release under RDAP, 18 U.S.C § 3621(e), based on a sealed

state criminal conviction for robbery for which he was adjudicated to be a youthful offender.[3]

Wahdan asserts that, because this conviction was not considered for purposes of his criminal

history score under the United States Sentencing Guidelines, it should not be considered for

purposes of determining his eligibility for early release under 18 U.S.C. § 3621(e).   As relief,

Wahdan is seeking a court order requiring the BOP to petition the state court to unseal his

juvenile record from New York so that an "informed decision" can be made and to require the

BOP to determine him eligible for early release under 18 U.S.C. § 3621(e).   (Pet. 8, ECF No. 1).

Respondent asserts the BOP appropriately exercised its discretionary authority to determine

Wahdan ineligible for early release based on the prior New York robbery conviction.[4]

## FACTS

On February 14, 2013, the United States District Court for the Northern District of New

York sentenced Wahdan to seventy-eight months of imprisonment for Conspiracy to Possess

with Intent to Distribute and to Distribute a Controlled Substance Analogue, in violation of 21

U.S.C. § 846. (Martinez[5] Decl. ¶ 3 & Att. A, ECF No. 6-2).   Without early release and if Wahdan

receives all good conduct time projected, it is anticipated that he will be released from BOP

custody on April 12, 2017. (*Id.* ¶ 11 & Att. C).

On April 12, 2013, Wahdan was interviewed to determine his RDAP eligibility. (*Id.* ¶ 3

& Att. B). Based on the New York robbery conviction, the BOP determined Wahdan ineligible

---

[3] The court recognizes that Wahdan is proceeding pro se and his filings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] The Petition encompasses elements of a hybrid action premising a claim for habeas relief on an allegedly improper classification determination made by BOP personnel. Presumably, this relief, if granted pursuant to his § 2241 petition, would reduce the length of incarceration and alter the execution of his sentence. Respondent asserts that 18 U.S.C. § 3625 precludes court review of the BOP's determination. In light of the hybrid nature of the claims presented, the court need not reach this issue.

[5] Martinez is an attorney for the BOP at the Designation and Sentence Computation Center. Martinez Decl. ¶ 1.

2

to participate in RDAP, thus precluding him from consideration for early release upon successful completion of the program. (*Id.* ¶ 7). New York law provides that adjudication as a youthful offender occurs after the conviction of the defendant, and is merely part of the sentencing determination. *Id*; *see also Smith v. Whitehead*, No. 09-726, 2009 WL 3153331, at *4 (D. Md. Sept. 24, 2009) (stating "[u]nder New York criminal law, a conviction is a prerequisite for a youthful offender adjudication") (citing *Capital Newspapers Div. of the Hearst Corp. v. Moynihan*, 519 N.E.2d 825, 827 (N.Y. 1988); *United States v. Driskell*, 277 F.3d 150, 155 (2d Cir. 2002) (noting designation as a youthful offender requires conviction as an adult before a finding that the individual is a youthful offender).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia v. Drezhlo*, RDB–12–0237, WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC–10–2853, 2011 WL 1375970, at *2–3 (D. Md. Apr.12, 2011). However, if the court considers matters outside the pleadings, as the court does here, the court must treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, 916 F. Supp. 2d 620, 622-23 (D. Md. 2013).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials. in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* at 252.

If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). When the nonmoving party does not oppose a summary judgment motion, "those facts established by the motion" are "uncontroverted." *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993). Nonetheless, the moving party still must demonstrate that, based on those facts, that party is entitled to judgment as a matter of law, because "[t]he failure to respond to the motion does not automatically accomplish this." *Id.*

## DISCUSSION

Habeas relief is available under 28 U.S.C. § 2241 when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

Title 18 U.S.C. § 3621 directs that the BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Prisoners convicted of *non-violent offenses* who successfully complete a treatment program *may* have their remaining period of confinement reduced by up to one year. *See* 18 U.S.C. § 3621(e)(2)(B) (emphasis added).[6] The language of

---

[6] Title 18 U.S.C. § 3621(e)(2) of the statute provides in pertinent part:

    (A)        Generally. -- Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment... shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. . .

    (B)        Period of Custody. -- The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. (Emphasis added).

18 U.S.C. § 3621(e)(2).

§ 3621(e)(2)(B) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release.[7] *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000).

Section 3621(e) does not define "nonviolent offense" or set forth criteria for eligibility for early release. As the Fourth Circuit has explained, the broad discretion delegated to the BOP under § 3621(e)(2)(B) is necessary to permit the BOP to encourage prisoners to complete substance abuse treatment programs and prevent the early release of potentially violent felons. *See Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). Pursuant to its broad delegation of authority to provide substance treatment programs, the BOP promulgated regulations at 28 C.F.R. § 550.55, *et seq.* and issued Program Statement 5162.05, Categorization of Offenses,[8] to implement the statute and delineate eligibility criteria. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez,* 531 U.S. at 40; *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011); *Minotti v. Whitehead*, 584 F. Supp. 2d 750 (D. Md. 2008).

Title 28 C.F.R. § 550.55(b)(4)(iii) provides that inmates with a prior felony or misdemeanor conviction for robbery are ineligible for early release under 18 U.S.C. § 3621(e). Because states define offenses differently, to determine whether a prior conviction qualifies as a precluding conviction listed in 28 C.F.R. § 550.55(b)(4), the BOP compares the elements of the state statute under which the inmate was convicted to the definition of the relevant offense in the Federal Bureau of Investigation's Uniform Crime Reporting Program (UCR). Martinez Decl. ¶ 8

---

[7] Indeed, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

[8] *See* Policy Statement 5162.05, *Categorization of Offenses,* www.bop.gov.

& Att. B). Review of records related to the prior state conviction is not required. (*Id.* ¶ 9). In Wahdan's case, the BOP determined N.Y. Penal Law §160.10 (1999), sufficiently similar to the UCR definition of robbery, to disqualify Wahdan from consideration for early release regardless of the specific offense conduct. (*Id.* ¶ 8 & Att. B). [9]

The BOP determination was based on regulations that have been upheld on judicial review as reasonable. Pursuant to those regulations, the BOP based its determination on a comparison of the state statute to the FBI's definition of the offense, and as noted above, New York state law provides that a conviction is prerequisite for a youthful offender adjudication. Therefore, there was no need to review Wahdan's sealed file to consider his conduct in committing the offense. Statutory comparison was sufficient. Wahdan sets forth no statute or case law to the contrary. Similarly, he provides no legal grounds to substantiate his assertion that because his conviction and adjudication as a youthful offender were not considered during federal sentencing for criminal history purposes, they should not be considered when making a discretionary determination for RDAP eligibility and consideration for early release.

---

[9] The FBI's UCR Program defines robbery as "the taking or attempting to take anything of value from the care, custody, or control of a person or persons by force or threat of force or violence and/or by putting the victim in fear." The New York law under which Wahdan was convicted defines Robbery in the Second Degree as:

A person is guilty of robbery in the second degree when he forcibly steals property and when:

1. He is aided by another person actually present; or

2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
(a) Causes physical injury to any person who is not a participant in the crime; or
(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

3. The property consists of a motor vehicle, as defined in section one hundred twenty- five of the vehicle and traffic law.

Robbery in the second degree is a class C felony.

N.Y. PENAL LAW § 160.10 (McKinney 2014).

**CONCLUSION**

For these reasons, summary judgment will be granted in favor of Respondent. A certificate of appealability shall not issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate order follows.

_100314_____
Date

_____
Paul W. Grimm
United States District Judge

8